# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | In Chapter 11 Proceedings [Subchapter V] |
|---|---|
| PHOENIX PRIDE, INC. | Case No. 2:26-bk-05375-MCW |
| Debtor. | **ORDER APPROVING PETITION FOR AUTHORITY TO RETAIN COUNSEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 327** |

This matter is before the Court upon Phoenix Pride, LLC (the "**Debtor**")'s motion requesting authorization to employ attorneys JoAnn Falgout and M. Preston Gardner and the law firm of Davis Miles, PLLC ("**Davis Miles**") (collectively "**Attorneys**") to serve as bankruptcy counsel for the Debtor in this case (the "**Motion**"). The Court has considered the Motion and the declarations of attorney JoAnn Falgout pursuant to Federal Rules of Bankruptcy Procedure 2014 and 2016.

The Court finds as follows:

1. The proposed Attorneys are duly admitted to practice in this Court;

2. The Court is advised that the Attorneys represent no adverse interest to the Debtor, and that the Attorneys are disinterested parties, pursuant to 11 U.S.C. §§ 101(14), 327, and 329;

1

3. Employment of counsel is necessary and in the best interest of the estate.

Based on these findings, and good cause appearing,

**IT IS HEREBY ORDERED** that attorneys JoAnn Falgout and M. Preston Gardner and the law firm of Davis Miles PLLC shall be employed to serve as bankruptcy counsel for the Debtor, subject to the terms set forth in the Application and certain qualifications set forth hereinafter.

**IT IS FURTHER ORDERED** that there shall be no setoff against the retainer, and no compensation paid, and no reimbursement of expenses, except upon appropriate application and after notice and hearing.

**IT IS FURTHER ORDERED** that approval of employment of a professional person DOES NOT automatically approve any fee arrangement set forth in the application or any attachments thereto. No fees are pre-approved by the court. Any request for a professional fee must be made separately by a detailed application supporting the request; notice must be given to creditors and other parties-in-interest; and the court must have an opportunity to review any objections which any party may have. The court may also consider the application in the absence of any objections and may adjust the fees according to the merits of the particular case. 11 U.S.C. §§ 327, 328, 329, 330, and 331.

**DATED AND SIGNED ABOVE.**
